UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DAWN SEBERT
218 West Washington Street
Slinger, WI 53086

    Plaintiff,

    v.                                       Case No: 16-CV-1383

SAUKVILLE INVESTMENTS, L.L.C.,
d/b/a MILAN ESTATES
1249 West Liebau Road, Suite 200
Mequon, WI 53092

    Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Dawn Sebert, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, and alleges and shows to the court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin, and therefore, venue is proper in this District pursuant to 28

2

U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, Dawn Sebert, is an adult female resident of the State of Wisconsin residing in Ozaukee County, date of birth is 08/29/1959, with a post office address of 218 West Washington Street, Slinger, WI 53086.

4. Defendant, Saukville Investments, L.L.C., d/b/a Milan Estates, is a Wisconsin limited liability company doing business in interstate commerce, operating a 20-bed CBRF facility located in Mequon, Wisconsin, with a principal office location at 1249 West Liebau Road, Suite 200, Mequon, WI 53092.

## BACKGROUND

5. Defendant is a covered employer for purposes of the FLSA.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Plaintiff worked from approximately Fall 2011 to April 11, 2012 as Defendant's consultant.

8. On or about April 12, 2012, Defendant hired Plaintiff as the Administrator.

9. At all times material herein, Plaintiff performed her work duties in accordance with the reasonable expectations of the Defendant.

10. Plaintiff's pay at Defendant was tied to the percentage of the beds that were filled.

11. Within about 5 weeks of Plaintiff's hire, the facility was at 100% occupancy for the first time since it opened in 2010.

12. Plaintiff was never issued any verbal or written warning by any of her supervisors suggesting that her job was ever in jeopardy.

13. Plaintiff was responsible for everything at the facility, including managing the

facility, maintenance, replacing caregivers, and all other duties that others could not or did not perform.

14. Plaintiff was one of three Caucasian staff at Defendant's facility.

15. All of the caregivers at Defendant's facility were African-American and all the patients were Caucasian.

16. Plaintiff was the oldest staff member at Defendant's facility.

17. African American staff at Defendant lied and told patients' family members that Plaintiff was bipolar, evil, and many other slurs.

18. African American Staff members of Defendant also complained to Defendant's owners unjustly about Plaintiff.

19. In particular, Dawn Lee (African American) and Marquita B. (African American) constantly harassed Plaintiff based on race, making racist comments like "motherfucking white bitch" to and about Plaintiff.

20. Plaintiff recorded these incidents in Lee's and Marquita's personnel files at Defendant.

21. Plaintiff later fired these employees but the owners did not support her.

22. Because of their campaign of harassment against Plaintiff, patients started getting pulled out of the facility and the occupancy numbers went down, affecting Plaintiff's compensation.

23. Plaintiff frequently complained about the race harassment to the owner of Defendant, who was sympathetic but did nothing to help her.

24. Plaintiff's much younger assistant, Brittney Rohde, Caucasian in her mid-30s, complained to the owners about Plaintiff.

25. In response to her complaint about Plaintiff, Rohde received a big raise and took

4

over many of Plaintiff's duties.

26. Rohde got Plaintiff fired on January 4, 2016.

27. The owner told Plaintiff that he didn't know if he needed someone younger and fresh to run the facility instead of her.

28. After Plaintiff's termination, Defendant made her train her much younger replacement and assist Defendant's facility with lots of questions.

29. The owner promised Plaintiff a letter of reference but did not provide it to her.

30. Defendant's owner also refused to pay Plaintiff compensation and benefits she is owed.

31. On or about May 6, 2016, Plaintiff filed an employment discrimination complaint against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") designated as EEOC Case No. 443201600531C, and cross-filed with the Wisconsin Equal Rights Division ("ERD"), designated as ERD Case No. CR201600905.

32. The EEOC issued Plaintiff a Notice of Right to Sue for this case, which Plaintiff received on or about July 18, 2016.

33. On or about January 15, 2016, Plaintiff filed a wage and hour complaint for unpaid wages and benefits with the Wisconsin Equal Rights Division, Labor Standards Bureau, designated as ERD Case No. LS201600095.

34. Plaintiff has exhausted all of her administrative remedies and satisfied all conditions precedent to bringing this action.

### FIRST CLAIM FOR RELIEF — ADEA DISCRIMINATION

35. Plaintiff realleges and incorporates paragraphs 1-34 of this complaint by reference.

36. Defendant discriminated against Plaintiff in the terms and conditions of her employment and in terminating her based on her age in intentional and/or reckless disregard of her

5

federally protected rights, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*, as amended.

37. As a direct result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and other damages that she will establish at trial.

### SECOND CLAIM FOR RELIEF – TITLE VII RACE DISCRIMINATION

38. Plaintiff realleges and incorporates paragraphs 1–37 of this complaint by reference.

39. Defendant terminated Plaintiff's employment because of her race, Caucasian, in intentional and/or reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended.

40. As a result of Defendant's intentional race discrimination against her, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance, emotional distress, pain and suffering, loss of reputation, and other damages to be shown at trial.

### THIRD CLAIM FOR RELIEF—TITLE VII RETALIATION

41. Plaintiff realleges and incorporates paragraphs 1–37 of this complaint by reference.

42. Defendant terminated Plaintiff's employment in retaliation for complaining about discrimination on the basis of her race, Caucasian, in intentional and/or reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended.

43. As a result of Defendant's intentional retaliation against her, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance, emotional distress, pain and suffering, loss of reputation, and other damages to be shown at trial.

### FOURTH CLAIM FOR RELIEF—FLSA VIOLATIONS

44. Plaintiff realleges and incorporates paragraphs 1–37 of this complaint by reference.

45. Defendant's failure to properly compensate Plaintiff for all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages. Alternatively, should the Court find that Defendant did not act willfully, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

46. Plaintiff is entitled to damages for the three years prior to the filing of this complaint because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorneys' fees, costs and disbursements as provided by 29 U.S.C. § 2617(a)(3), and by all other applicable statutes and provisions;

3. Grant to Plaintiff whatever other relief this Court deems just and equitable;

4. Issue an Order directing and requiring Defendant to pay Plaintiff damages for unpaid compensation in an amount to be proved at trial;

5. Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of unpaid compensation.

6. Issue an Order directing and requiring Defendant to reinstate Plaintiff to her former position;

7. Issue an Order directing and requiring Defendant to pay Plaintiff damages in the

form of backpay from the time of her termination until the date of her reinstatement;

       8.     Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of backpay damages awarded as a result of Defendant's unlawful termination of Plaintiff;

       9.     Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorneys' fees expended in the course of litigating this action under 29 U.S.C. § 216(b), pre-judgment and post-judgment interest; and

      10.    Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE.**

Dated this 14th day of October, 2016.

                                     HEINS EMPLOYMENT LAW PRACTICE LLC
                                     Counsel for the Plaintiff

                                     By: ___*s/ Janet L. Heins*___ .
                                       Janet L. Heins, SBN 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com